**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10479 |
| Plaintiff-Appellee, | D.C. No. 4:11-cr-00096-JSW-1 |
| v. | |
| JACQUEZ TUCKER, AKA Jacquez J. Tucker, AKA Jacquez Jamahl Tucker, AKA Jaquez J. Tucker, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted April 17, 2019[**]

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Jacquez Tucker appeals from the district court's judgment and challenges

the statutory maximum 24-month sentence imposed upon revocation of supervised

release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Tucker argues that the district court procedurally erred by failing to calculate the Guidelines range, considering an impermissible sentencing factor, and failing to explain the sentence adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none.

The correct Guidelines range was reflected in the presentence report and Tucker's sentencing memorandum, both of which the district court stated that it had reviewed. Tucker has not shown a reasonable probability that he would have received a different sentence had the district court expressly calculated the applicable Guidelines range on the record. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008). Moreover, the record as a whole belies Tucker's contention that the district court based the sentence on factors that it was not permitted to consider under 18 U.S.C. § 3583(e), *see United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007), and the court's explanation that the sentence was justified by Tucker's lengthy history of supervised release violations, despite repeated warnings by the court, was sufficient, *see United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Tucker also contends that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 24-month sentence is substantively reasonable in light of the

section 3583(e) sentencing factors and the totality of the circumstances, including Tucker's repeated breaches of the court's trust. *See Gall*, 552 U.S. at 51; *Simtob*, 485 F.3d at 1063,

**AFFIRMED.**